UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JACOB A. BLACK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SOCIAL SECURITY ADMINISTRATION; UNKNOWN FEDERAL EMPLOYEES, in their individual and official capacities; HECTOR, U.S.A. AG, in his individual and official capacity; and ANDREW SAUL, in his individual and official capacity,<br><br>　　　　Defendants. | CIV. 20-5083-JLV<br><br><br>ORDER |

　　　Plaintiff Jacob A. Black, appearing *pro se*, initiated this multi-count action against the defendants. (Docket 1). Mr. Black moves for leave to proceed *in forma pauperis* and provides the court with his financial information. (Docket 2).

　　　A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant qualifies to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to

demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). The court finds Mr. Black is indigent and grants his motion to proceed *in forma pauperis*.

Because Mr. Black is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal—
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief. The court is required to screen a *pro se* complaint and dismiss those which are frivolous or fail to state a claim for relief. In evaluating the complaint, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The

complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914. "[P]ro se complaints are to be construed liberally . . . ." Id. (referencing Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Liberally construing Mr. Black's complaint, he asserts subject-matter jurisdiction under 28 U.S.C. § 1331. (Docket 1). He claims the defendants violated the First, Fifth, Ninth, and Fourteenth Amendments as well as the Americans with Disabilities Act. Id. Mr. Black is hearing impaired and has been an individual with a disability his entire life. Id. at pp. 3 & 5. In October 2017, his social security benefits were terminated and Mr. Black claims the termination was due to his age. Id. at pp. 3-4.

Mr. Black seeks to have his social security benefits and insurance restored. Id. at p. 9. He claims the "Unknown [F]ederal [E]mployees ignored the appeal process to give me the same right[s] as others." Id. at p. 11. Mr. Black claims "Hector," the "U.S.A. AG," changed the dates of his appointments, violated his religious rights, refused to secure a sign language interpreter and refused to properly communicate with a hearing-impaired Social Security claimant. Id. at pp. 1, 4, 7 & 9. Mr. Black asserts Hector's failure to provide an interpreter is equivalent to a refusal to work with plaintiff due to his disability. Id. at pp. 3-5.

Addressing the claims in the complaint, the court makes the following observations. First, Mr. Black names the Social Security Administration as a defendant. (Docket 1). "The United States and its agencies are generally immune from suit." Walker v. Shafer, CIV. 16-5121, 2018 WL 813420, at *3

3

(D.S.D. Feb. 9, 2018) (citing FDIC v. Meyer, 510 U.S. 471, 474 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The United States must waive its sovereign immunity for the district court to have jurisdiction over a claim. Id. Because Mr. Black does not demonstrate a waiver of sovereign immunity, his claims against the Social Security Administration are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Second, to the extent Mr. Black is suing due to a termination of his social security benefits, the court does not have jurisdiction to hear this claim. In order to obtain judicial review of a social security benefit claim, the plaintiff must put forth evidence that there was a "final decision of the Commissioner of Social Security made after a hearing to which [plaintiff] was a party[.]" 42 U.S.C. § 405(g). Although Mr. Black claims he has exhausted his remedies, the documents provided with his complaint do not support this assertion. See Docket 1-1.

Third, Mr. Black brings a Bivens[1] claim against federal defendants. He sues the Unknown Federal Employees, Hector, and Andrew Saul for allegedly violating his First, Fifth, Ninth, and Fourteenth Amendment rights. (Docket 1). Because defendants work for the federal government, the court will not consider Mr. Black's due process claims under the Fourteenth Amendment,

---

[1]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

but rather under the Fifth Amendment.[2]  The United States Supreme Court "held that Social Security claimants may not sue government officials under Bivens for alleged due process violations in denying or delaying benefits." Sinclair v. Hawke, 314 F.3d 934, 940 (8th Cir. 2003) (citing Schweiker v. Chilicky, 487 U.S. 412, 414 (1988)).  Because a claim for denying benefits cannot be brought under Bivens, Mr. Black's due process claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Mr. Black vaguely alleges his religious rights have been violated.  (Docket 1 at p. 7).  The complaint does not state facts which would support a claim that Mr. Black's First Amendment rights were violated.  Braden v. Wal-Mart, 588 F.3d 585, 594 (8th Cir. 2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citing Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)).  Mr. Black's First Amendment claims fail to state a claim upon which relief can be granted and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Mr. Black claims his Ninth Amendment rights have been violated.  (Docket 1 at p. 9).  "[T]he Ninth Amendment does not create substantive rights beyond those conferred by governing law."  Gaslin v. Fassler, 377 Fed. Appx. 579, 580 (8th Cir. 2010).  Mr. Black's Ninth Amendment claims fail to state a claim upon which relief can be granted and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

---

[2]The due process clause of the Fifth Amendment applies to the United States, while the due process clause of the Fourteenth Amendment applies to the States.  Dusenbery v. United States, 534 U.S. 161,167 (2002).

Finally, Mr. Black asserts that Hector, the "U.S.A. AG," violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*[3] Because Mr. Black claims Hector is a federal employee, the court finds Mr. Black's claim is better suited as a claim under the Rehabilitation Act, 29 U.S.C. § 794.  The Rehabilitation Act states:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of . . . his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency[.]

29 U.S.C. § 794(a).

To establish a prima facie claim under the Rehabilitation Act, a plaintiff must show that "(1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds, and (3) he was discriminated against based on his disability." Gorman v. Bartch, 152 F.3d 907, 911 (8th Cir. 1998) (referencing 29 U.S.C. § 794(a); other citation omitted).

The Rehabilitation Act does not allow for individual liability.  Landman v. Kaemingk, No. 4:18-CV-04175, 2020 WL 3608288, at *2 (D.S.D. July 2, 2020); Lundahl v. Gross, 5:18-CV-05090, 2020 WL 927650, at *8 (D.S.D. Feb. 26,

---

[3]Mr. Black does not allege specific facts against Andrew Saul or the Unknown Federal Employees regarding disability discrimination.  His claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (i-ii).

2020). Mr. Black's Rehabilitation Act claim, if one exists, may only proceed against Hector in his official capacity as a "U.S.A. AG." (Docket 1).

Mr. Black claims he is hearing impaired and that Hector changed the dates of plaintiff's appointments and refused to secure a sign language interpreter. Id. at pp. 4, 7 & 9. Mr. Black claims Hector inhibited plaintiff's ability to get his social security benefits restored because Hector "[r]efused to properly communicate with my disability" and that this alleged discrimination was "because of my disability." Id. at pp. 4-5. At this juncture, the court cannot say Mr. Black's Rehabilitation Act claim against Hector in his official capacity is wholly without merit.

For the reasons given above, it is

ORDERED that Mr. Black's motion for leave to proceed without prepayment of fees (Docket 2) is granted. Mr. Black may prosecute this action to its conclusion without prepayment of costs or fees. Any recovery in this action by Mr. Black shall be subject to the repayment of costs and fees, including service of process fees and the $350 filing fee.

IT IS FURTHER ORDERED that Mr. Black's claims against the Social Security Administration, Unknown Federal Employees, and Andrew Saul are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

IT IS FURTHER ORDERED that Mr. Black's Rehabilitation Act claim against Hector in his individual capacity is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii). Mr. Black's Rehabilitation Act claim against Hector in his official capacity survives the 28 U.S.C. § 1915 screening review.

IT IS FURTHER ORDERED that Mr. Black shall complete and send to the Clerk of Court a summons and USM-285 form for Hector. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue a summons for Hector. If the completed summons and USM-285 form are not submitted by Mr. Black as directed, the complaint may be dismissed. The United States Marshal shall serve the completed summons with a copy of the complaint and this order upon the defendant. The United States will advance the costs of service.

IT IS FURTHER ORDERED that Mr. Black shall serve upon the defendant or, if appearance has been entered by counsel, upon the attorney(s), a copy of every further pleading or other document submitted for consideration by the court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by the court which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the court.

Dated February 17, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE